```
          UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF FLORIDA
            CASE NO. 08-22268-HOEVELER
```

IN RE: THE PETITION OF CONTENDER
FISHING TEAM, LLC, Owner of the
VESSEL FL3021NR, for Exoneration
from or Limitation of Liability,
    Petitioner,

v.

CITY OF MIAMI, a Florida municipal
corporation,
    Respondent/Claimant,

_____

CITY OF MIAMI, a Florida municipal
corporation,
    Third-party plaintiff,

v.

COREY FRITZLER, RICHARD S. SOL,
SCOTT A. ELLSWORTH, OBEL LINARES
HERNANDEZ, and THE NORTHERN
ASSURANCE CO. OF AMERICA,
    Third-party defendants.
_____/

## ORDER

    BEFORE the Court are motions and cross-motions for judgment on the pleadings, and for partial summary judgment, concerning NACA insurance coverage. The motions have been briefed and the Court heard oral arguments in Chambers January 8, 2010.

    The Court has carefully reviewed the submissions of all parties, including the legal arguments, the depositions transcripts and exhibits of record, and the application, declarations, and

terms of the NACA insurance policy. In reality, most of the law and facts are not disputed and the question is simply one of policy interpretation. Viewing the marina insurance policy as a whole, as elucidated by the aforementioned materials, the Court is moved to conclude that, at most, the Protection and Indemnity Section was meant to and does provide coverage for watercraft used in marina operations or listed on the schedule of insured watercraft. Neither the City of Miami or Mr. Sol have raised fact issues about whether police patrol boats fall into the coverage category.[1] Although counsel presented a vigorous case in favor of coverage, their position fails to overcome the reality that the P&I Section was not written to cover losses caused by a limitless number of boats of any size or value, used for any purpose, operated by any authorized employee of any department or agency of the City of Miami within a coverage area. NACA's interpretation of P&I Subsection 1.1 is consistent with the meaning and intent of the marina policy as a whole and the City of Miami's interpretation is not. On this the Court sees no ambiguity.

Accordingly, it is hereby

---

[1] The Court notes the existence of evidence demonstrating that City officials and agents were aware the police boats were not covered by the NACA policy and that the City was seeking a separate insurance policy for the police boats. The parties dispute the relevance of this information.

**ORDERED AND ADJUDGED:**

1. The City of Miami's motion [DE 41] for judgment on the pleadings in favor of coverage is DENIED;

2. Richard Sol's motion [DE 76] for judgment on the pleadings in favor of coverage is DENIED;

3. The City of Miami's motion [DE 145] for partial summary judgment in favor of coverage is DENIED;

4. Because NACA has submitted summary judgment-type evidence in support of its position, NACA's cross-motion for judgment on the pleadings [DE 43] shall be construed as a cross-motion for partial summary judgment that the police boat in question is not covered by the Protection and Indemnity Section of the City of Miami's insurance policy. NACA's motion for partial summary judgment is GRANTED.

**DONE AND ORDERED** in Miami, Florida, January 13th 2010.

*/s/ Wm M Hoeveler*

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE